**Benjamin POST, Plaintiff,**

v.

**ST. PAUL TRAVELERS INSURANCE CO., et al., Defendants.**

No. 06–CV–4587.

United States District Court,
E.D. Pennsylvania.

July 21, 2009.

598

Charles S. Fax, Rifkin, Livingston, Levitan & Silver, Greenbelt, MD, pro se.

Marc J. Zucker, Weir & Partners LLP, Philadelphia, PA, for Plaintiff.

Francis J. Deasey, Henri Marcel, Stephen J. Parisi, Deasey, Mahoney & Valentini, LTD, Philadelphia, PA, for Defendants.

### EXPLANATION

ANITA B. BRODY, District Judge.

## I. INTRODUCTION

On February 7, 2008, Plaintiff Benjamin Post ("Post") filed an amended complaint against St. Paul Travelers Insurance Company ("St. Paul") alleging Breach of Contract (the insurance policy), Breach of Contract (agreement to pay the costs of the sanctions proceeding), Bad Faith Refusal to Provide Insurance Coverage, Promissory Estoppel, and asking for a Declaratory Judgment. On January 7, 2009, I granted Post's Motion for Summary Judgment with respect to Count I (Breach of Contract (the insurance policy)) and Count V (Declaratory Judgment).[1] On February 9, 2009, with the Court's permission, St. Paul renewed its Motion for Summary Judg-

ment as to Count III, asking for a dismissal of Post's claim for bad faith refusal to provide insurance coverage. On March 31, 2009, I granted St. Paul's Motion for Summary Judgment as to Count III, and on May 22, 2009 I denied Post's Motion for Reconsideration. On May 22, 2009, I granted Post's Motion to Withdraw Counts II and IV of the amended complaint (Breach of Contract (agreement to pay the costs of the sanctions proceeding) and Promissory Estoppel). Therefore, the only issue remaining in this case is the amount of damages due to Post under Count I. On June 15, 2009, St. Paul filed a Motion *In Limine* to Preclude Evidence at Trial of Post's Payment of Unrelated Fees and Expenses. (Doc. # 138). A bench trial in this case is currently scheduled to begin on October 20, 2009.

## II. BACKGROUND[2]

I will not repeat the facts that were laid out in my previous opinions, but include the facts specifically relevant to the Motion *In Limine*. Post seeks compensation for the legal fees incurred in two legal actions, *Post v. Mercy* and *Post v. Quinn*, that are allegedly related to the malpractice claim and/or sanctions petition at issue in this case. St. Paul objects to the inclusion of evidence regarding these two legal actions. *Post v. Mercy* was a complaint drafted, but never filed, in Philadelphia County after the sanctions petition was terminated in preparation for the mediation between Post and Mercy. (St. Paul's Motion *In Limine*, 8–9). *Post. v. Mercy* alleged wrongful use of civil proceedings (the sanctions petition), abuse of process (the sanctions petition), negligence, gross negligence, and recklessness (failure to provide reliable information in the underlying med-

---

1. Because St. Paul failed to sufficiently address the bad faith issue, I denied their summary judgment motion without prejudice.

2. The facts were taken from Post's Opposition to St. Paul's Motion *In Limine,* unless otherwise noted.

ical malpractice action—damages requested for costs of defending sanctions petition), and fraud and deceit (adopting or not refuting false allegations against Post in the sanctions petition). (St. Paul's Motion, Exhibit E).

*Post v. Quinn* was a defamation and tortious interference lawsuit against Joseph Quinn, opposing counsel in the underlying medical malpractice action, who initiated the sanctions proceedings against Post. This suit was designed to help Post defeat the sanctions action and according to Post it achieved its objective, as Quinn's dismissal of the sanctions petition was simultaneous to Post's discontinuation of his defamation suit.

## III. DISCUSSION

St. Paul contends that there is no basis for compensating Post's legal fees and costs associated with *Post v. Mercy* and *Post v. Quinn*. Post responds that those actions are covered because they were inextricably intertwined with Post's defense against Mercy and furthered such defense.

Post provides no court of appeals or Pennsylvania state court decisions on this issue, but presents the Court with a number of district court opinions. Post relies heavily on two cases out of the Eastern District of Pennsylvania in which the courts held that an insurance company is obligated to cover the costs of counterclaims raised in the same lawsuit if pursuit of those claims is "inextricably intertwined" with the insured's defense and is necessary to the defense of the litigation as a strategic matter. *Safeguard Scientifics, Inc. v. Liberty Mut. Ins. Co.*, 766 F.Supp. 324, 334 (E.D.Pa.1991); *see also TIG Ins. Co. v. Nobel Learning Cmtys., Inc.*, No. 01–4708, 2002 WL 1340332, at *14–15, 2002 U.S. Dist. LEXIS 10870 at *39–41 (E.D.Pa. June 19, 2002) (following *Safeguard Scientifics* and holding that the insurer was liable for costs of prosecuting

insured's affirmative claims after a counterclaim was raised against the insured in the same action that triggered the duty to defend.) Both *Safeguard Scientifics* and *TIG* set forth the same legal standard for determining an insurer's liability for affirmative claims by the insured: if the claims are "part of the same dispute," "could defeat or offset liability," and are "inextricably intertwined" with and "necessary to the defense" of the covered claim, the insurer is liable. *TIG*, 2002 WL 1340332, at *14–15, 2002 U.S. Dist. LEXIS 10870 at *39–41; *Safeguard Scientifics*, 766 F.Supp. at 333–334. In both cases, the courts also point out that the covered claims and the affirmative claims arose in the same lawsuit. *Safeguard Scientifics*, 766 F.Supp. at 333; *TIG*, 2002 WL 1340332, at *14, 2002 U.S. Dist. LEXIS 10870 at *40,.

St. Paul also relies on a case out of the Eastern District of Pennsylvania in which the court held that an insurance company was not required to cover the cost of affirmative claims where the insured chose to instigate separate actions instead of filing counterclaims in the covered action. *Amquip Corp. v. Admiral Ins. Co.*, No. 03–4411, 2005 WL 742457, *7–8, 2005 U.S. Dist. LEXIS 5462 at *25–27 (E.D.Pa. March 31, 2005). The *Amquip* court said:

> If courts were to consider the costs an insured incurred by instituting its own action for the purpose of bringing pressure on the other party under the guise of a litigation defense, it would encourage and endorse multiplicity of litigation. This is much different than requiring the insurer to reimburse the insured for the cost of prosecuting counterclaims raised in the same action.

2005 WL 742457 at *7–8, 2005 U.S. Dist. LEXIS 5462 at *26–27.

Post responds that it is not the form or venue in which the affirmative claims are

raised that is relevant to coverage, but whether or not the claims are inextricably intertwined with and could defeat or offset liability in the covered action. (Post's Opposition, 8).

Because St. Paul improperly failed to represent Post, St. Paul must deal with the fees and the judgments of the lawyers who did represent Post. I will allow Post to present evidence at trial regarding *Post v. Quinn* and *Post v. Mercy* and I will decide after hearing the evidence whether these actions were inextricably intertwined with the covered claims. Therefore, St. Paul's Motion *In Limine* to exclude evidence of fees and expenses related to *Post v. Quinn* and *Post v. Mercy* is denied.